Pennsylvania Railroad Company, Appellant, *v.*
Pennsylvania Public Utility Commission.

Argued September 16, 1958. Before RHODES, P. J.,
HIRT, GUNTHER, WRIGHT, WOODSIDE, and WATKINS, JJ.
(ERVIN, J., absent).

*Windsor F. Cousins,* with him *Harris J. Latta, Jr.,* and *L. W. Fogg, Jr.,* for appellant.

*Edward Friedman,* Deputy Attorney General, with him *Edward Munce,* Assistant Counsel, and *Thomas M. Kerrigan,* Counsel, for Pennsylvania Public Utility Commission, appellee.

*William D. Valente,* Assistant City Solicitor, with him *David Berger,* City Solicitor, for City of Philadelphia, intervening appellee.

*Mead J. Mulvihill, Jr.,* Assistant City Solicitor, with him *J. Frank McKenna, Jr.,* City Solicitor, for City of Pittsburgh, intervening appellee.

OPINION BY WRIGHT, J., November 14, 1958:

On December 24, 1957, the Pennsylvania Railroad Company notified the Public Utility Commission that it proposed to revise the schedules of its inter-city passenger trains effective February 16, 1958. This notice was given pursuant to an informal practice of the Company, and was not required by any regulation or order of the Commission. Thereafter, the Company proceeded to publish and distribute new timetables, and to sell tickets and reserve space in accordance therewith. Connecting schedules of other railroads at terminal points were adjusted, and necessary arrangements made regarding the transportation of mail. On January 31, 1958, the Cities of Pittsburgh and Philadelphia filed petitions with the Commission protesting the new schedules and requesting that they be suspended. A similar petition was filed by the Co-opera-

tive Legislative Committee, Railroad Brotherhoods. On February 3, 1958, with Commissioners Houck and Conly dissenting, the Commission issued an order directing that the Company "hold in abeyance" the proposed schedule changes "pending investigation and public hearing". The Company promptly appealed, and filed a petition for supersedeas. On February 13, 1958, the Cities of Pittsburgh and Philadelphia were granted leave to intervene as appellees. The same day, this court issued a rule to show cause why supersedeas should not be granted, and stayed the order of the Commission pending argument thereon. The proposed schedules accordingly went into effect. On March 6, 1958, following argument, the rule was made absolute. Transfer to daylight saving time required another revision of the Company's schedules, effective April 27, 1958.[1] On May 15, 1958, the Commission presented a petition alleging that the controversy was moot, and requesting that the record be remitted so that the proceeding might be vacated. On the day of argument thereon, this petition was joined in at bar by the intervening appellees. By order dated June 17, 1958, the petition for remission was refused.[2]

A majority of this court, not including the writer, was originally persuaded by the Company's vigorous resistance to the Commission's petition for remission of the record. However, it has now been concluded that the order of June 17, 1958, refusing the petition for remission, should be reconsidered. Essentially the

---

[1] Reversion to eastern standard time required still another revision of the Company's schedules, effective October 26, 1958.

[2] This court made two other orders on June 17, 1958, which are not here material. One order dismissed without prejudice a motion to quash filed by the City of Philadelphia. The other order granted the Company's petition for continuance and consolidation of argument.

same issue is presented in the Company's companion appeal No. 313, October Term, 1958, which involves the validity of new Rule 10 of the Commission's Railroad Regulations.[3] So far as appeal No. 178, October Term, 1958 is concerned, the controversy is clearly moot and it is unnecessary to write a separate opinion.

The prior order of this court dated June 17, 1958, refusing the petition for remission is set aside, and it is ordered that the record be remitted to the Commission so that the proceeding may be vacated, costs to be divided equally between the intervening-appellees.

---

[3] In its brief in appeal No. 313, October Term, 1958, the Company concedes that "The legal questions presented by the two appeals are substantially similar".